## (January 31, 1963)

■ In the Matter of SILVER MOUNT CEMETERY ASSOCIATION et al., Appellants, v. CAROLINE K. SIMON et al., Constituting the Cemetery Board of the State of New York, Respondents.— Order entered July 9, 1962, dismissing proceeding, unanimously reversed on the law and the facts, without costs, and final order granted herein to the extent of modifying the order of the Cemetery Board rendered April 7, 1961 only insofar as said order conditions the board's approval of the rate application upon the compliance with the four stated provisos or directions set out in subparagraphs 1 to 4 thereof, the final order herein to provide that the said order of the Cemetery Board is otherwise confirmed, without costs, with the said provisos or directions to stand as stated " as a Board order to take effect immediately." The need for the increase in the service rates to be charged by the cemetery association, as applied for by it, was established and is undisputed. The increase, to be effective promptly and unconditionally, was essential to insure a sound economic operation of the affairs of the association and for the protection of the interests

of the lot owners and the public. It was neither necessary nor expedient that the board condition its approval of the presently needed rate increase upon compliance by the association with the other particular directions also made for the purpose of improving its financial condition. The said other directions, though designated as provisos, were expressly decreed by the board to be "in the nature of a Board Order to take effect immediately" and the board was possessed of adequate summary remedies for the independent enforcement of the same. (Membership Corporations Law, § 108.) If required in the interests of the association, its lot owners and the public, it was the board's duty to proceed affirmatively and independently for the enforcement of such provisos decreed to be effective "immediately", and the withholding of the enforcement of the same pending the increase in rates would not be justified. The order of the board, except as above stated, does not appear to be in any way unreasonable or contrary to law. The particular direction for the deposit into the permanent maintenance fund of 25% of the proceeds of lot or grave sales was in the nature of a reduction of deposits fixed at a 50% rate by a 1954 board order which appears to have been consented to or accepted by the association. The association, not having questioned the right to direct the deposits at a 50% rate, without court approval, as provided for in the prior order, is certainly not in a position to question the reduction thereof. In any event, the court approves of the deposits at the 25% rate, as now directed by the board, and the order hereon shall so provide. (See Membership Corporations Law, § 86-a, subd. 4.) It does not appear on the record here that the order of the board tends to infringe any contractual or statutory rights of the certificate holder as such or that it unreasonably restricts the right of the association to necessary managerial services. The determination here, however, is without prejudice to such future proceedings as may be proper with respect to such rights of the certificate holder and the association, and, in any event, is without prejudice to a modification by the board of its order upon the showing of satisfactory improvement in the financial condition of the association. Settle order on notice. Concur — Botein, P. J., Eager, Steuer and Noonan, JJ. [36 Misc 2d 792.]